# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARIAN KING,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-189-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Garian King appeals his guilty plea conviction and 120-month sentence for possession of a firearm by a felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). King challenges his sentence on the ground that the district court's imposition of a four-level enhancement of his offense level under U.S.S.G. § 2K2.1(b)(6)(B)—which applies where the defendant "used or possessed any firearm . . . in connection with another felony offense"—was erroneous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10001

King first argues that the finding in the presentence report (PSR), which the district court adopted, that King committed the Texas offense of aggravated assault with a deadly weapon, *see* Texas Penal Code §§ 22.01(a)(2) and 22.02(a)(2), was unreliable because it was based on conflicting witness accounts. Our review of this issue is for clear error, and we will not reverse unless the district court's account of the evidence is implausible in light of the record as a whole. *United States v. Harris*, 740 F.3d 956, 966-67 (5th Cir. 2014). In this case, the evidence concerning the aggravated assault consisted of (i) two witness statements that confirmed that King brandished a firearm and threatened the victims; (ii) two witness statements that confirmed that King displayed a firearm and, while not dispositive, supported a reasonable inference that King threatened the victims, *see United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008); and (iii) King's statement denying that he threatened the victims, *see, e.g., United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir. 2014). Given the "significant discretion" accorded to the district court "in evaluating reliability," *United States v. Young,* 981 F.2d 180, 185 (5th Cir. 1992), King has failed to show that the district court's reliance on the PSR, or the court's finding that King committed the Texas offense of aggravated assault with a deadly weapon, was clear error, *see Harris*, 740 F.3d at 966-67.

King next argues that the district court erred by failing to make factual findings regarding the veracity of a written statement of a witness, which King claims was evidence that he did not commit aggravated assault. Because King failed to object on this ground in the district court, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Federal Rule of Criminal Procedure 32 directs a district court to rule on "any disputed portion of the presentence report or other controverted matter." FED.

No. 19-10001

R. CRIM. P. 32(i)(3)(B); *see* U.S.S.G. § 6A1.3(b), p.s.  A defendant generally is provided adequate notice of the district court's resolution of disputed facts when the court adopts the findings of the PSR. *United States v. Mora*, 994 F.2d 1129, 1141 (5th Cir. 1993).  Here, the district court properly considered the witness's written statement, made findings in accordance with Rule 32(i) and § 6A1.3, explicitly overruled King's objection, and adopted the factual findings contained in the PSR.  Therefore, King's argument that the district court erred under Rule 32 is without merit.  *See Mora*, 994 F.2d at 1141.

Lastly, King challenges his conviction on the ground that the factual basis for his conviction was lacking proof that he knew, at the time of his offense, that he was a convicted felon.  *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).  We review his argument for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134 (2009).  Although the factual resume and plea colloquy standing alone do not establish that King knew, when he committed his present offense, that he had been convicted of an offense punishable by more than one year of imprisonment, the record as a whole establishes that he had such knowledge.  *See United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019).  Because King's PSR established, without any challenge by King, that he had been convicted of offenses punishable by more than one year of imprisonment, and his counsel admitted at sentencing that King understood that "he wasn't supposed to have a firearm," the question whether King knew of his status as a convicted felon is at least subject to reasonable dispute.  *See Puckett*, 556 U.S. at 134-35.  Accordingly, King has failed to show plain error. *See Puckett*, 556 U.S. at 134-35.

AFFIRMED.